JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 14-8761-JFW (JCx)** | Date:  December 29, 2014 |

Title:      Clark Carr, et al. *-v-* National Association of Forensic Counselors, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TRANSFER PURSUANT TO FED. R. CIV. P. RULES 12(b) AND 13(a) [filed 11/20/14; Docket No. 6];**

**ORDER DENYING AS MOOT DEFENDANTS FRANCIS DEISLER AND KARLA DEISLER TAYLOR'S MOTION TO DISMISS [filed 12/4/14; Docket No. 16]; and**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 28 U.S.C. §§ 1332 AND 1447 AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447 [filed 12/8/14; Docket No. 17]**

On November 20, 2014, Defendants National Association of Forensic Counselors, Inc. ("NAFC") and American Academy of Certified Forensic Counselors, d/b/a American College of Certified Forensic Counselors ("ACCFC") (collectively, the "Entity Defendants") filed a Motion to Dismiss or Alternatively Transfer Pursuant to Fed. R. Civ. P. Rules 12(b) and 13(a) ("Motion to Dismiss or Transfer").  On December 15, 2014, Plaintiff Clark Carr ("Plaintiff") filed his Opposition.  On December 22, 2014, the Entity Defendants filed a Reply.  On December 4, 2014, Defendants Francis Deisler ("Deisler") and Karla Deisler Taylor ("Taylor") (collectively, the "Individual Defendants") filed a Motion to Dismiss.  On December 15, 2014, Plaintiff filed his Opposition.  On December 22, 2104, the Individual Defendants filed a Reply.  On December 8, 2014, Plaintiff filed Motion for Remand Pursuant to 28 U.S.C. §§ 1332 & 1447 and for Attorneys' Fees Pursuant to 28 U.S.C. § 1447 ("Motion for Remand and Attorneys' Fees").  On December 15, 2014, the Entity Defendants and the Individual Defendants (collectively, "Defendants") filed their Opposition.  On

December 22, 2014, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for January 5, 2014 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Legal Standard**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

**II.     Discussion**

On October 6, 2014, Plaintiff, on his own behalf and on behalf of a class of similarly situated persons, filed a Complaint against Defendants in Los Angeles Superior Court, alleging causes of action for: (1) consumer fraud and unfair competition, California Business & Professions Code §§ 17200, *et seq.*; (2) fraudulent and false advertising, California Business & Professions Code § 17500; and (3) fraud.  In the Complaint, Plaintiff alleges that Defendants provided alcohol and drug counselor certifications to individuals in California and fraudulently represented that their certifications were "nationally recognized" when in fact the California Department of Alcohol and Drug Programs never authorized any of the Defendants to certify alcohol and drug counselors.  In addition, Plaintiff alleges that Defendants concealed their violations of applicable California regulations in order to mislead putative class members into paying annual fees for unlawful and worthless counselor certificates.

On October 13, 2014, the Entity Defendants and Taylor were served with the Complaint. On November 5, 2014, Deisler was served with the Complaint.

    **A.     Defendants' Notice of Removal Does Not Properly Allege This Court's Jurisdiction.**

On November 12, 2014, Defendants filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(b) (Diversity) ("Notice of Removal"), alleging this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  For class actions, claims by class

members cannot be aggregated to satisfy the jurisdictional amount.[1] *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973); *Travelers Property Cas. v. Good*, 689 F.3d 714, 722-23 (7th Cir. 2012) (multiple violations of same statute constituted "separate and distinct" claims for each class member and thus could not be aggregated). Instead, Plaintiff's individual claims must satisfy the $75,000 amount in controversy requirement. *See Dittmar v. Costco Wholesale Corporation*, 2014 WL 6892189, *6 (S.D. Cal. Nov. 5, 2014); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566-67 (2005) (holding that in a diversity action, if the named plaintiff's claims satisfy the jurisdictional amount, a court may exercise supplemental jurisdiction over the unnamed class members' claims).

In the Notice of Removal, Defendants allege that "[c]omplete diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists because the Plaintiff is a citizen of California and the Removing Defendants are citizens of Nevada and Indiana and the amount in controversy exceeds $75,000." Notice of Removal, ¶ 13. With respect to the amount in controversy, Defendants allege that "Named Plaintiff alleges he paid $90/year from 2002-2011 and that hundreds of other class members have done the same. Thus, the amount in controversy, exclusive of interest and costs, as pled by Plaintiff appears to minimally be $90,000." *Id.*, ¶ 7. Accordingly, Defendants' allegations merely establish that Plaintiff's damages are $900, which is well below the amount in controversy requirement of Section 1332(a).[2] Accordingly, the Court concludes that Defendants have failed to demonstrate that the amount in controversy requirement has been satisfied in this action, and, thus, Defendants have failed to demonstrate that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. The Entity Defendants' Second Notice of Removal is Improper.

On November 20, 2014, the Entity Defendants filed a Supplement to Notice of Removal Concerning Amount in Controversy ("Second Notice of Removal"). In the Second Notice of Removal, the Entity Defendants allege that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Second Notice of Removal, 2:13-14. Under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, __ S.Ct. __ 2014 WL 7010692, *3 (S. Ct. Dec. 15, 2014).

---

[1] Aggregation has been permitted when a "common and undivided" interest among the members of the class can be shown. *See, e.g., Berman v. Narragansett Racing Association*, 414 F.2d 311, 316 (1st Cir. 1969) (aggregation permitted where named representative was suing to preserve the class members' interest in a common trust fund). However, no such "common and undivided" interest exists (or has been alleged by Defendants) in this case, and, thus, this exception to the rule against aggregation does not apply.

[2] As discussed below, in the Second Notice of Removal, the Entity Defendants allege that Plaintiff's damages are approximately $69,525.00, which is still below the $75,000 amount in controversy requirement pursuant to Section 1332(a).

In the Second Notice of Removal, the Entity Defendants allege that the partes are minimally diverse and that the class includes a minimum of 176 members.  *Id.*, 2:21-3:3.  With respect to the amount in controversy, the Entity Defendants include an entirely new allegation that "Plaintiff Carr's allegations [*sic*] minimally total $69,525.00 as an individual.  Applying this number as typical for the class [of 176 members], as alleged by Plaintiff, then the amount in controversy is $12,236,400.00, which well exceeds the jurisdictional minimum [of $5,000,000]."  *Id.*, 5:6-8.

Plaintiff argues that the Second Notice of Removal is improper for several reasons.  A second removal is permissible when made on new grounds arising from subsequent pleadings or events.  *See Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 776 (9th Cir. 1989); *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62-63 (D.Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.").  Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court."  *One Sylvan*, 889 F.Supp. at 64.  In this case, the filing of the Second Notice of Removal based on CAFA jurisdiction did not arise from a "substantial change in the nature of" this action.  With the exception of Plaintiff's counsel correctly pointing out that the Entity Defendants had failed to allege a proper basis for this Court's subject matter jurisdiction in their original Notice of Removal, there was absolutely no change in the nature of the action, and, therefore, the Second Notice of Removal was improper.[3]

To the extent Defendants argue that the Second Notice of Removal should be construed as an amendment to the Notice of Removal rather than a second attempt at removal, the Second Notice of Removal is still deficient because it was untimely.  28 U.S.C. § 1446(a) requires a defendant seeking removal to file a notice of removal containing a "short and plain statement of the grounds of removal" in the appropriate federal district court within 30 days of being served with the initial copy of the plaintiff's complaint.  During that 30 day period, the defendant may freely amend the notice.  *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir.1969).  However, once the 30 day period has expired, the defendant must seek leave to amend the notice of removal.  Fed. R. Civ. P. 15(a); *San Joaquin General Hospital v. Sheikh*, 2014 WL 4635535 (E.D. Cal. Sept. 15, 2014) (holding that the amended notice of removal was filed improperly because it was filed more than 30 days after being served with the complaint and without leave of the court).

In addition, an original notice of removal cannot "be amended to add a separate basis for removal jurisdiction after the thirty day period."  *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (*citing Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969)); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (holding that "[b]ecause more than thirty days have passed since this action was filed in Montana state court, the DEQ may not amend its Notice of Removal to state alternative bases for removal jurisdiction. The necessary amendment is more than a correction of a

---

[3]  In a letter dated November 14, 2014, counsel for Plaintiff advised Defendants' counsel that Defendants' Notice of Removal did not allege a proper basis for this Court's subject matter jurisdiction.  Counsel for Plaintiff urged counsel for Defendants to withdraw its Notice of Removal and consent to a remand of this action to Los Angeles Superior Court.  Instead, on November 20, 2014, the Entity Defendants filed the Second Notice of Removal.

'defective allegation of jurisdiction' permissible under 28 U.S.C. § 1653"); *see also Alexander v. FedEx Ground Package Sys.*, 2005 WL 701601, at *2-3 (N.D.Cal. Mar. 24, 2005) (contrasting explanatory amendment with substantive amendment); *Hemphill v. Transfresh Corp.*, 1998 WL 320840, at *4 (N.D.Cal. June 11, 1998) (holding that defendant could not argue for the first time in its motion to oppose remand that removal jurisdiction existed pursuant to § 1337 when it had only asserted diversity jurisdiction and federal question jurisdiction under § 1333 in its notice of removal); *Smiley v. Citibank*, 863 F.Supp. 1156, 1162 (C.D.Cal.1993) (noting "the Ninth Circuit's clear holding that a notice of removal cannot be amended [after the first 30 days] to add allegations of substance but solely to clarify defective allegations of jurisdiction previously made").

In this case, the Second Notice of Removal was filed on November 20, 2014, which is more than 30 days after the Entity Defendants were served with the Complaint on October 13, 2014. Therefore, the Second Notice of Removal was untimely because it was filed more than 30 days after the Entity Defendants were served with the Complaint, and the Entity Defendants did not seek leave of the Court to file the Second Notice of Removal.[4]  In addition, the Second Notice of Removal is defective because it adds an entirely new basis for removal jurisdiction and constitutes a substantive attempt to amend the original Notice of Removal.  In the original Notice of Removal, Defendants alleged that this Court had subject matter jurisdiction pursuant to Section 1332(a).  In the Second Notice of Removal, the Entity Defendants alleged that this Court had subject matter jurisdiction pursuant to CAFA.  Despite Defendants arguments to the contrary, Section 1332(a) and CAFA constitute distinct and completely separate bases for removal jurisdiction.  *See, e.g., Sacchi v. ABC Financial Services, Inc.*, 2014 WL 4095009, *3 (D.N.J. Aug. 18, 2014) (holding that "it is evident that § 1332(a) and CAFA constitute *separate* bases for removal of class action matters") (emphasis in original); *Dittmar*, 2014 WL 6892189 at *6 (holding that jurisdiction under CAFA and "traditional diversity" constitute separate bases for removal of class actions); *Posey v. McKesson Corporation*, 2013 WL 361168 (N.D. Cal. Jan. 29, 2013) (holding that CAFA, diversity, and federal question jurisdiction constitute separate bases for removal jurisdiction).

For all the foregoing reasons, the Court concludes that the Second Notice of Removal is ineffective and will not be considered by the Court.  Because the Court will not consider the Second Notice of Removal and will remand this action for Defendants' failure to demonstrate Section 1332(a) diversity jurisdiction in the original Notice of Removal, it is unnecessary to address Plaintiff's argument that the Entity Defendants failed to satisfy the amount in controversy requirement under CAFA in the Second Notice of Removal.  28 U.S.C. § 1447(d).

### III.     Conclusion

For all the foregoing reasons, Plaintiff's Motion for Remand and Attorneys' Fees is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion for Remand is **GRANTED**, and this action is hereby **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.

---

[4] Defendants argue that the Second Notice of Removal was timely because it was filed within 30 days of Deisler being served with the Complaint.  However, only the Entity Defendants, and not Deisler, filed the Second Notice of Removal.  In addition, Deisler did not join in the Second Notice of Removal.

*See* 28 U.S.C. § 1447(c).  Plaintiff's Motion for Attorneys' Fees is **DENIED**.[5]  The Entity Defendants' Motion to Dismiss or Transfer and the Individual Defendants' Motion to Dismiss are **DENIED as moot.**

    IT IS SO ORDERED.

---

[5] "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court concludes that given the unique circumstances of this case Defendants' failed attempt to remove this action was not entirely unreasonable.  Therefore, Plaintiff's request for attorneys' fees is denied.